IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIELA R.U., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al., <br><br> Respondents. | Civil No. 1:26-cv-03324-MWJS <br><br> ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 095-723-523 |

## <u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Mariela R.U.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.

Petitioner was brought to the United States by her mother in 1992, when she was

18 months old.  Dkt. No. 11, at pg. 3.  After a long-pending Petition for Alien Relative

was denied in 2010, Petitioner was placed into removal proceedings.  *Id.*  But after she

applied for and was granted Deferred Action for Childhood Arrivals (DACA) in 2014,

those proceedings were administratively closed.  *Id.*; *see also* Dkt. No. 17-1, at pg. 3.

Between 2015 and 2023, Petitioner's DACA status was renewed five times; after the

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

most recent renewal, it was valid through April 28, 2026.  *Id.*  At no time prior to her

current detention did immigration authorities ever detain her.  *Id.*

Since acquiring DACA status, there have been bright spots in Petitioner's life.  In

2023, she married her partner of ten years—a United States citizen who later filed a new

Petition for Alien Relative on her behalf.  *Id.*; Dkt. No. 11-4, at pg. 2. But there have been

dark moments as well.  Beginning in 2020, Petitioner began to hear voices that told her

to self-harm and ultimately led her to attempt suicide.  Dkt. No. 11-4, at pg. 2.  These

problems persisted over the next several years, and during a psychotic episode on

October 29, 2025, Petitioner was arrested for felony assault with a deadly weapon,

burglary while possessing a deadly weapon, and property destruction.  *Id.*; Dkt. No. 17-

1, at pg. 4.  She ultimately pleaded guilty to one count of misdemeanor assault with a

deadly weapon, for which she was sentenced to serve 180 days in jail.  *Id.*  Thankfully,

she is now also taking medication and receiving therapy, and the psychotic episodes

have ceased.  *Id.*  And aside from a 2017 misdemeanor conviction for reckless driving,

Petitioner has no other known criminal history.  Dkt. No. 17-1, at pg. 4.

After learning that Petitioner was incarcerated in connection with the October

2025 arrest, immigration officials lodged an immigration detainer with her jail

custodians in Las Vegas.  *Id.* at pg. 2.  When Petitioner was released from their custody

on March 13, 2026, she therefore went immediately into ICE custody.  *Id.*  She has

remained in immigration custody ever since and has been afforded no opportunity to challenge her detention or to establish that she should be released on bond.

Petitioner now invokes this court's habeas jurisdiction, contending that her arrest and detention by immigration authorities, without due process, violated her constitutional rights.  After appointed counsel moved for a Temporary Restraining Order in this case, Dkt. No. 11, the court informed the parties of its intention to rule directly on the Petition and ordered Respondents to show cause whether any factual or legal issues distinguished this case from cases such as *Carlos U.G. v. Warden of the Cal. City Detention Facility*, No. 1:26-cv-03209-MWJS, 2026 WL 1391272 (E.D. Cal. May 18, 2026); *Zenon A.C.F. v. Warden, Cal. City Detention Ctr.*, No. 1:26-cv-02961-MWJS, 2026 WL 1391272 (E.D. Cal. May 7, 2026); *Jayner E.V.S. v. Warden, Cal. City Detention Ctr.*, No. 1:26-cv-03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026).  Dkt. No. 16.

The court thanks Respondents for their timely and candid response to the court's order.  Dkt. No. 17.  In it, they maintain their position that Petitioner's detention is lawful based on their interpretation of 8 U.S.C. § 1225(b), which they contend applies to Petitioner and requires her mandatory detention.  But they "concede that this case is not substantially distinguishable from the cases where this Court has granted relief."  *Id.* at pg. 1.  Respondents helpfully observe, however, that unlike the petitioners in the cases cited in the court's order, "Petitioner in this case was not previously released from immigration detention or released into the United States," making this case "most

3

analogous to the reasoning that the Court adopted in *Henry A.V.L. v. Warden of the Central Valley Annex*, No. 1:26-cv-03354-MWJS, 2026 WL 1391273 (E.D. Cal. May 18, 2026)." *Id.* The court agrees. Because Petitioner is detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b), and was never previously detained or released by immigration authorities, the appropriate remedy is to grant her a bond hearing rather than immediate releasee. *Accord Henry A.V.L.*, 2026 WL 1391273; *Nopal-Ibarra v. Chestnut*, No. 1:26-cv-03403, 2026 WL 1362963 (E.D. Cal. May 14, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-cv-03248, 2026 WL 1330831 (E.D. Cal. May 12, 2026).

Respondents are therefore ENJOINED AND RESTRAINED from continuing to detain petitioner unless they demonstrate, within seven days of the date of this Order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondents shall file a status report within ten days of the date of this Order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. The petition is GRANTED to this extent. In all other respects, the petition is DENIED without prejudice to a future petition.

///

///

///

///

4

Given the partial grant of the petition, Petitioner's Motion for Temporary Restraining Order, Dkt. No. 11, is DENIED as moot.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 5, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03324-MWJS; *Mariela R.U. v. Warden of the California City Detention Center*, et al.; ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS